IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-180-D

ESTATE OF JADA JOHNSON; )
L.J., the minor daughter of Jada Johnson; )
RICHARD IWANSKI, individually, as )
executor of the Estate of Jada Johnson and )
guardian of L.J.; and MARIA IWANSKI, )      **ORDER**
individually, as executor of the Estate of )
Jada Johnson and guardian of L.J., )
 )
Plaintiffs, )
 )
v. )
 )
CITY OF FAYETTEVILLE; SERGEANT )
TIMOTHY RUGG, individually; OFFICER )
ZACHARIUS BOROM, individually; and )
JOHN AND JANE DOES 1–100, City of )
Fayetteville employees and police officers, )
 )
Defendants. )

On April 7, 2023, Richard Iwanski and Maria Iwanski, individually and as administrators of the estate of Jada Johnson ("Johnson") and guardians of Johnson's minor daughter L.J., (collectively "plaintiffs"), filed a complaint against the City of Fayetteville ("the City"), two of its law enforcement officers, Timothy Rugg ("Rugg") and Zacharius Borom ("Borom"), and John and Jane Doe defendants. See [D.E. 1]. On June 26, 2023, plaintiffs amended their complaint as of right. See Am. Compl. [D.E. 26].[1] Plaintiffs assert (1) claims under 42 U.S.C. § 1983 against Rugg, Borom, and the John and Jane Doe defendants, (2) state law tort claims against all defendants, and

---

[1] The court denies as moot the City's motion to dismiss plaintiffs' original complaint [D.E. 17].

(3) a state law claim for negligent hiring, training, and supervision against the City, all arising out of Johnson's death on July 1, 2022. See id. at ¶¶ 1, 50–220. Plaintiffs seek monetary damages and declaratory and injunctive relief. See id. at 36.

On June 8, 2023, the City moved to dismiss plaintiffs' claims based on "governmental immunity." [D.E. 30] 3; [D.E. 29]. On July 17, 2023, plaintiffs responded in opposition [D.E. 35] and filed a memorandum in support [D.E. 36]. On July 31, 2023, the City replied [D.E. 40]. On August 2, 2023, the court stayed discovery pending a ruling on the City's motion to dismiss [D.E. 43]. As explained below, the court grants the City's motion to dismiss, dismisses the City as a defendant, and directs the remaining parties to confer and file a proposed discovery plan pursuant to Federal Rule of Civil Procedure 26.

I.

On July 1, 2022, Rugg, Borom, and other officers of the Fayetteville Police Department responded to a 911 call at Richard Iwanski's residence concerning Johnson, who "was experiencing a mental health crisis." Am. Compl. ¶¶ 3, 6–8, 23, 48–58.[2] Ultimately, Borom shot Johnson seventeen times, and she died. See id. at ¶¶ 110–11. Richard Iwanski, Maria Iwanski, and two-year-old L.J., "witnessed the entire shooting." Id. at ¶¶ 2–4, 24, 51, 112.

Plaintiffs allege the City "is a municipal corporation and political subdivision, organized and existing under the laws of the State of North Carolina. The City . . . owns, operates, manages, directs, and controls Defendant Fayetteville Police Department[.]" Am. Compl. ¶ 5. The City "has waived sovereign immunity up to the extent that the city is indemnified by its liability insurance . . . . [or] participation in a local government risk pool, pursuant to N.C.G.S. § 160A-485."

---

[2] The court limits its recitation of the allegations of plaintiffs' complaint to those most relevant to the City's motion to dismiss.

2

Id. at ¶¶ 17–18.

According to plaintiffs, "[t]he City . . . . is charged under the law with the duty of hiring, supervising, training, disciplining, and establishing policy such that the conduct of its employees will conform to the Constitutions and laws of the State of North Carolina and of the United States of America[,]" and is a "'person[]'" under 42 U.S.C. § 1983." Am. Compl. ¶¶ 9–10.[3] Moreover, according to plaintiffs, the City "is responsible for managing, hiring, training, and supervising the officers of the Fayetteville Police Department, owed a duty to [p]laintiffs to properly hire, train, and supervise police officers in their execution of their official duties, as well as to ensure that all officers follow all official policies for the safety of the public." Id. at ¶ 197. The City "breached its duty of care by failing to properly hire, train, and supervise [d]efendants Borom and Rugg who acted beyond and against their official duties during the events in question." Id. at ¶ 198. The City "failed to follow the Fayetteville Police Department's Policy Manual 'Training' chapter, because it did not appropriately recruit and select; train and educate; or professionally develop [d]efendants Borom and Rugg." Id. at ¶ 199. The City "is responsible for the breaches of duty committed by [d]efendants Borom and Rugg through the doctrine of *respondeat superior* because at all times [d]efendants Borom and Rugg were acting within the scope of their official duties." Id. ¶¶ 161, 169, 179.

Counts two through six and eight through nine assert state law claims against all defendants for wrongful death, survivorship, intentional and negligent infliction of emotional distress, negligent execution of official duties, and assault and battery. See Am. Compl. at ¶¶ 151–95, 204–20. Count seven of the amended complaint alleges a state law claim against the City for negligent hiring,

---

[3] Count one of the amended complaint, which includes a Fourth Amendment claim under 42 U.S.C. § 1983, does not name the City as a defendant. See Am. Compl. at 19, 22 & ¶¶ 127–150; [D.E. 36] 12.

training, and supervision. See id. at ¶¶ 196–203.

II.

The City argues that governmental immunity bars plaintiffs' state law claims. See [D.E. 30] 3–5, 7–13. The court analyzes the motion under Federal Rule of Civil Procedure 12(b)(2). See Doriety v. Sletten, No. 1:23-CV-211, 2023 WL 4872570, at *1 (M.D.N.C. July 28, 2023) (unpublished); Torres v. City of Raleigh, 288 N.C. App. 617, 620, 887 S.E.2d 429, 433 (2023); cf. Parkway 1046, LLC v. U.S. Home Corp., 961 F.3d 301, 306 (4th Cir. 2020); Stahle v. CTS Corp., 817 F.3d 96, 100 (4th Cir. 2016); Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005). Under Rule 12(b)(2), a plaintiff must prove personal jurisdiction. See, e.g., Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). If the court resolves the motion without an evidentiary hearing, a plaintiff must show only a prima facie case of personal jurisdiction. Id. at 60. The court "must draw all reasonable inferences arising from the [plaintiff's] proof, and resolve all factual disputes, in the plaintiff's favor." Id.

Under North Carolina law, "[g]overnmental immunity is that portion of the [s]tate's sovereign immunity which extends to local governments." Wray v. City of Greensboro, 370 N.C. 41, 47, 802 S.E.2d 894, 898 (2017). A municipality is immune from liability for the torts of its officers and employees committed while performing governmental functions. See Galligan v. Town of Chapel Hill, 276 N.C. 172, 175, 171 S.E.2d 427, 429 (1970); Sellers v. Rodriguez, 149 N.C. App. 619, 623, 561 S.E.2d 336, 339 (2002).

Generally, absent waiver, governmental immunity bars tort lawsuits against municipalities. See Wray, 370 N.C. at 47, 802 S.E.2d at 898; Meyer v. Walls, 347 N.C. 97, 104, 489 S.E.2d 880, 884 (1997). A municipality may waive governmental immunity by purchasing insurance, but any waiver is limited to the extent of the insurance coverage. See, e.g., N.C. Gen. Stat. §153A-435(a);

4

Evans v. Hous. Auth., 359 N.C. 50, 57, 602 S.E.2d 668, 673 (2004); Satorre v. New Hanover Cnty. Bd. of Comm'rs, 165 N.C. App. 173, 176, 598 S.E.2d 142, 144 (2004). If "the insurance policy does not indemnify [the] defendant against the negligent acts alleged in plaintiff's complaint, [the] defendant has not waived its sovereign immunity." Doe v. Jenkins, 144 N.C. App. 131, 135, 547 S.E.2d 124, 127 (2001); see Dawes v. Nash County, 357 N.C. 442, 445–46, 449, 584 S.E.2d 760, 763, 765 (2003); Est. of Earley ex rel. Earley v. Haywood Cnty. Dep't of Soc. Servs., 204 N.C. App. 338, 341, 694 S.E.2d 405, 408 (2010).

The City has a self-insured retention policy which applies to the actions of law enforcement officers, but it does not provide "coverage unless and until the City has paid the full amount of its ... retained limit." Olivera Aff. [D.E. 29-1] ¶¶ 4, 6, 9–10. Accordingly, the City has not waived its governmental immunity. See Cannon v. Peck, 36 F.4th 547, 574 (4th Cir. 2022); Evans v. Chalmers, 703 F.3d 636, 656 (4th Cir. 2012); Doriety, 2023 WL 4872570, at *1; Hagans v. City of Fayetteville, No. 5:14-CV-717, 2015 WL 4414929, at *6 (E.D.N.C. July 17, 2015) (unpublished); Johnson v. City of Fayetteville, 91 F. Supp. 3d 775, 814 (E.D.N.C. 2015). The court rejects plaintiffs' argument that "the City may have waived this protection by inconsistent assertions of governmental immunity[]" in other cases. Doriety, 2023 WL 4872570, at *1; cf. Cannon, 36 F.4th at 575. Likewise, the court rejects plaintiffs' argument that the court must await discovery and a summary judgment motion before resolving the City's motion. See Cox v. Lamm, No. 4:20-CV-52, 2020 WL 5097832, at *4–5 (E.D.N.C. Aug. 28, 2020) (unpublished) (collecting cases); see also Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003); Simmons v. Corizon Health, Inc., 122 F. Supp. 3d 255, 272 (M.D.N.C. 2015).

5

III.

In sum, the court DENIES AS MOOT the City of Fayetteville's first motion to dismiss [D.E. 17], GRANTS the City of Fayetteville's second motion to dismiss [D.E. 29], DISMISSES plaintiffs' claims against the City of Fayetteville, DISMISSES the City of Fayetteville as a defendant, and LIFTS the discovery stay. The remaining parties shall confer and file a proposed discovery plan pursuant to Federal Rule of Civil Procedure 26.

SO ORDERED. This 1 day of December, 2023.

JAMES C. DEVER III
United States District Judge