UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
(Western Division)

| | |
|---|---|
| ESTATE OF JADA JOHNSON; L.J., the minor daughter of Jada Johnson; RICHARD IWANSKI, individually, as executor of the Estate of Jada Johnson and guardian of L.J.; and MARIA IWANSKI, individually, as executor of the Estate of Jada Johnson and guardian of L.J., | Civil Action No. 5:23-cv-180-D-RN <br><br> Judge: Hon. James C. Dever, III |
| Plaintiffs, | **CONSENT PROTECTIVE ORDER GOVERNING RELEASE OF MINOR PLAINTIFF'S MENTAL HEALTH RECORDS** |
| v. | |
| SERGEANT TIMOTHY RUGG individually; OFFICER ZACHARIUS BOROM, individually; and JOHN AND JANE DOE'S 1-100, City of Fayetteville employees and police officers, | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties in this case, by and through Counsel, stipulate to the entry of this Consent Protective Order, allowing the release of confidential mental health records related to minor Plaintiff L.J. at Child Advocacy Center.

The parties stipulate and agree to the following Findings of Fact, which authorize this Court's entry of the Protective Order:

1. Child Advocacy Center, located at 222 Rowan St, Fayetteville, NC 28301, provided mental health services to L.J., a Plaintiff on this matter.

2. Defendants, through Counsel, requested L.J.'s records from Plaintiffs.

3. Plaintiffs, through Counsel, requested L.J.'s records from Child Advocacy Center.

4. Child Advocacy Center, pursuant to its legal obligations, cannot disclose the confidential mental health records without a protective order.

5. These records are relevant, material, and essential to the subject matter of this case.

This Order governs the handling and disclosure of all materials produced, given or filed herein by the parties and designated as "CONFIDENTIAL." For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, confidential mental health records under N.C.G.S. § 122C-52, in the possession of Child Advocacy Center, its officers, employees, providers, and/or agents.

**WHEREFORE, IT IS HEREBY ORDERED that:**

1. "CONFIDENTIAL INFORMATION" as used herein includes, but is not limited to:

   a. All information and documents that are not public record and are made confidential by N.C.G.S. § 122C-52; and

   b. All records related to mental health services provided to Plaintiff L.J. by Child Advocacy Center, its officers, employees, providers, and/or agents.

2. The documents and information that contain confidential information shall be marked "CONFIDENTIAL" by the parties. The confidential documents, including copies of summaries thereof, shall be disclosed only for official use in this action, and for no other purpose whatsoever.

3. The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed or released to anyone other than:

   a. The Court;

   b. Counsel for the parties to this action, their legal assistants and other staff members

and employees;

    c.   Experts or consultants retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

    d.   Court reporters or videographers engaged to record depositions, hearings or trials in this action; and

    e.   Outside companies engaged by counsel for the parties to photocopy such documents.

4.   Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

    a.   Any person described in subparagraphs 3(a), (b), (d) and (e) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

    b.   With respect to disclosures to any person set forth in subparagraph 3(c) of this Order, the party disclosing the CONFIDENTIAL INFORMATION shall inform any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by this Order.  The parties shall obtain from such persons a written statement in the form of Exhibit A, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained.  All CONFIDENTIAL

INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

5. The production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding.  Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

6. No CONFIDENTIAL INFORMATION produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

7. If any such CONFIDENTIAL INFORMATION is used in connection with a deposition or other discovery or documents filed with the court, or are quoted or referenced in any memorandum, pleading or other paper filed with the court, the deposition transcript, filing or paper shall be submitted to the court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Order, or redacted so as to eliminate sensitive personal information.

8. The designation of information as CONFIDENTIAL INFORMATION by the designating party shall not be deemed an admission by the receiving party that such information is entitled to that designation. Any challenge to designating party's confidentiality designation shall be made as promptly as the circumstances permit, but no later than

thirty (30) days after the receipt of the designated CONFIDENTIAL INFORMATION by the receiving party.

    a.  A party wishing to challenge a confidentiality designation shall begin the process by conferring directly with counsel for the designating party. The challenging party must explain why it believes the confidentiality designation is improper. The designating party shall have five (5) business days in which to review the designated material and either re-designate the material or explain the basis for the chosen designation. A challenging party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the designating party.

    b.  If the parties are unable to informally resolve a challenge to a particular designation, the challenging party may file and serve an appropriate Motion to the Court that identifies the challenged CONFIDENTIAL INFORMATION and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue. The designating party shall have the right to file and serve an appropriate response to the Court. Until the Court rules on the challenge, the material in question shall continue to be treated as confidential under the terms of this Order.

9. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case.

10. The inadvertent, unintentional or <u>in camera</u> disclosure of CONFIDENTIAL INFORMATION shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

11. Within thirty (30) days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all CONFIDENTIAL INFORMATION produced pursuant to this Order (including all copies of the same) to the party producing said information or shall destroy the same with a written certification by the party's counsel of record that all such information and copies of the same have, in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such information for their case files, which shall continue to be subject to the terms of this Order.

12. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

13. Any objections made to discovery requests shall be accompanied by a draft proposed Protective Order if such Order is, or will be, requested. When counsel submits proposed Protective Orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final Order of the Court on the completion of litigation.

14. Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing

party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

15. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the court, or to seek and obtain additional protection with respect to CONFIDENTIAL INFORMATION as such party may consider appropriate.

**WE CONSENT:**

Date: March 28, 2025.

/s/ Xavier Torres de Janon
Xavier T. de Janon
*Attorney for Plaintiffs*
Johnson & Nicholson, PLLC
5806 Monroe Road, Suite #102
Charlotte, NC 28212
Tel.: 704-375-1911
E-mail: xdj@johnnichlaw.com

/s/ Clay Allen Collier
Clay Allen Collier
*Attorney for Defendant Rugg*
Crossley McIntosh Collier Hanley & Edes,
PLLC
5002 Randall Parkway, Suite 200
Wilmington, North Carolina 28403
Tel.: (910) 762-9711
Email: clayc@cmclawfirm.com

/s/ James C. Thornton
James C. Thornton
*Attorney for Defendant Borom*
Cranfill Sumner, LLP
Post Office Box 27808
Raleigh, North Carolina 27611
Tel.: (919) 828-5100
Email: jthornton@cshlaw.com

/s/ Carnell Johnson
Carnell Johnson
*Attorney for Plaintiffs*
Johnson & Nicholson, PLLC
5806 Monroe Road, Suite #102
Charlotte, NC 28212
Tel.: 704-375-1911
Email: cj@johnnichlaw.com

/s/ John Edward Ryan, III
John Edward Ryan, III
*Attorney for Defendant Rugg*
Ryan Legal Services, LLP
508 West Main Street
PO Box 569
Mount Olive, North Carolina 28365
Tel.: 919-706-0390
Email: john@ryanlegalservice.com

/s/ J. Heydt Philbeck
J. Heydt Philbeck
*Attorney for Defendant Borom*
Bailey & Dixon, LLP
Post Office Box 1351
434 Fayetteville Street, Suite 2500
Raleigh, North Carolina 27602-1351
Tel.: (919) 828-0731
Email: hphilbeck@bdixon.com

**APPROVED BY:**

Dated: March 31, 2025

Robert T. Numbers, II
United States Magistrate Judge

## <u>EXHIBIT A</u>

The Undersigned acknowledges that she/he has read the Protective Order entered by the Court dated _____, 2025, understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court, Eastern District of North Carolina, with regard to this Protective Order and understands (1) the violation of the Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____
(Date)

_____
(Name)

_____
(Signature)

Subscribed and sworn before me,

this _____ day of _____, 2023.

_____
NOTARY PUBLIC

My commission expires: _____