IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:23-cv-180-D-RN

ESTATE OF JADA JOHNSON, L.L.,
the minor daughter of Jada Johnson,
RICHARD IWANSKI, individually, as
Executor of the Estate of Jada Johnson
and guardian of L.J., and MARIA
IWANSKI, individually, as executor
of the Estate of Jada Johnson and
guardian of L.J.

Plaintiffs,

v.

SERGEANT TIMOTHY RUGG,
individually, OFFICER ZACHARIUS
BOROM, individually, JOHN AND
JANE DOES 1-100, City of
Fayetteville employees and police
officers,

Defendants.

**SERGEANT RUGG STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

NOW COMES Sergeant Timothy Rugg ("Sergeant Rugg"), in his individual capacity, by and through undersigned counsel of record and pursuant to Local Rule 56.1, Defendant contends that the following facts are undisputed:

STATEMENT OF UNDISPUTED FACTS

1. On July 1, 2022 Fayetteville Police Department Officer Zacharius Borom ("Officer Borom") and Sergeant Timothy Rugg ("Sergeant Rugg") were dispatched to 2308 Colgate Drive, Fayetteville, NC 28304 in response to multiple 911 calls from that address.

2. Upon arrival at the Colgate Drive address, Officer Borom and Sergeant Rugg joined other officers or representatives of FPD in the residence located thereon in response to an alleged home invasion and a child not breathing.

3. Johnson had been discharged, on the morning of July 1, 2022, from the Cape Fear Memorial Hospital in Fayetteville where she had been involuntarily committed on June 28, 2022.

4. While Officer Borom and Sergeant Rugg were in the Colgate Drive residence with Johnson, her grandparents and her two-year-old daughter, the officers confirmed that the 911 reports were false, there was no evidence of a home invasion or a child with breathing problems.

5. One of the residents ever informed any of the responding officers that Johnson suffered from substance-induced psychosis or that she was currently under the influence of alcohol and methamphetamine.

6. Sergeant Rugg and Officer Borom verbally warned Johnson concerning misuse of 911, Johnson agreed to be transported back to Cape Fear Valley Hospital by ambulance to be voluntarily committed.

7. While waiting for the ambulance to arrive, Johnson produced a handgun which thereafter remained in her possession and control.

8. After Officer Borom and Sergeant Rugg were unable to persuade Johnson to relinquish possession and control of the handgun, Rugg attempted to gain possession of the handgun when Johnson placed it under her arm pit.

9. Johnson resisted the efforts of Sergeant Rugg to take possession of the handgun and Officer Borom fired multiple shots from his duty weapon as Johnson and Sergeant Rugg fell to the floor.
10. Johnson, lying on the floor, maintained or regained consciousness and grabbed the handgun that was lying beside her.
11. Sergeant Rugg reacted and reached to gain possession of the handgun.
12. Officer Borom again discharged multiple shots from his duty weapon.
13. Sergeant Rugg gained possession of the handgun as he was on the floor beside Johnson.
14. Johnson was fatally wounded by the gunshots from the duty weapon of Officer Borom and was pronounced dead at the scene.
15. Post-mortem toxicology examination by the North Carolina Office of Chief Medical Examiner concluded that, at the time of her death, Johnson had an ethanol level of 150 mg/dL recovered from her urinary bladder, and an amphetamine level of 0.012 mg/L, an ethanol level of 120mg% and a methamphetamine level of 0.32mg/L in blood drawn from other parts of her body.

Respectfully submitted, this the 7th day of July, 2025.

CROSSLEY McINTOSH COLLIER HANLEY & EDES, PLLC

By: *Clay Allen Collier*
Clay Allen Collier
N.C. State Bar No. 13266
5002 Randall Parkway Ste 200
Wilmington, NC 28403
clayc@cmclawfirm.com

*and*

RYAN LEGAL SERVICES, PLLC

By: *John Edward Ryan, III*
John Edward Ryan, III
N.C. State Bar No. 56014
PO Box 569
Mount Olive, NC 28365
john@ryanlegalservice.com

*Attorneys for Sergeant Timothy Rugg*

## CERTIFICATE OF SERVICE

I hereby certify that this Statement of Material Facts in Support of Motion for Summary Judgment was filed and served on all parties via the CM/ECF system to counsel of record as set out below:

Carnell Johnson, Esq.
Xavier Torres de Janon, Esq.
Johnson & Nicholson, PLLC
5806 Monroe Rd. Ste 102
Charlotte, NC 28212
xdj@johnnichlaw.com
cj@johnnichlaw.com

*Attorneys for Plaintiffs*

James C. Thornton, Esq.
Cranfill Sumner, LLP
P.O. Box 27808
Raleigh, North Carolina 27611
jthornton@cshlaw.com


J. Heydt Philbeck, Esq.
Bailey & Dixon, L.L.P
P.O. Box 1351
Raleigh, NC 27602-1351
hphilbeck@bdixon.com

*Attorneys for Officer Zacharius Borom*

This the 7th day of July, 2025.

*Clay Allen Collier*
Clay Allen Collier
